IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ANDREW HAVINS<br>Plaintiff, | §<br>§<br>§ | |
| VS. | § | C.A. ________________ |
| | § | |
| NATIONAL DRAYAGE SERVICES, LLC,<br>DIRECT CHASSISLINK, INC., DBA<br>DCLI/LJ CHASSIS HOLDING, INC.,<br>PROGRESS RAIL SERVICES<br>CORPORATION AND JUAN CARLOS<br>LUNA ARROYO<br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§ | JURY DEMAND |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Now respectfully comes Andrew Havins (ANDREW HAVINS), and files this Complaint and complains jointly and severally of Defendant National Drayage Services, LLC (NATIONAL DRAYAGE), Defendant Direct Chassislink, Inc., dba DCLI/LJ Chassis Holdings, Inc., (DIRECT CHASSISLINK), Progress Rail Services Corporation (PROGRESS RAIL) and Juan Carlos Luna Arroyo (LUNA ARROYO) and would respectfully show the Court the following:

**PARTIES**

1. Plaintiff Andrew Havins is a railroad worker, a citizen of the State of Texas, and a resident of Texas.

2. Defendant National Drayage Services, LLC, is a foreign corporation doing business in and subject to the jurisdiction of the Eastern District of Texas. National Drayage may be served with a copy of Plaintiff's Original Complaint by serving its registered agent, Service of Process Agents, Inc., 1700 Pacific Avenue, Suite 2700, Dallas,

Texas 75201.

3. Defendant Direct Chassislink, Inc., dba DCLI/LJ Chassis Holdings, Inc., is a foreign corporation doing business in and subject to the jurisdiction of the Eastern District of Texas. Defendant may be served with a copy of Plaintiff's Original Complaint by serving its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

4. Defendant Progress Rail Services Corporation, is a foreign corporation doing business in and subject to the jurisdiction of the Eastern District of Texas. Defendant may be served with a copy of Plaintiff's Original Complaint by serving its registered agent, Corporation Services Company d/b/a CSC-Lawyers Inco, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

5. Defendant Juan Carlos Luna Arroyo, is an individual and resident of Baytown, Harris County, Texas who may be served with process at his residence: 5411 Hazel Street, Baytown, Texas 77521.

## JURISDICTION AND VENUE

6. Jurisdiction of ANDREW HAVINS' claims against Defendants is proper pursuant to 28 U.S.C. §1332(a).

7. Venue is proper in this District pursuant to 28 U.S.C. §1391 in that ANDREW HAVINS resides in this District, and Defendants have regular and systematic contacts in the Eastern District of Texas and that this cause of action arose in this District and Division.

## FACTS APPLICABLE TO ALL CAUSES OF ACTION

8. This lawsuit is brought to recover damages ANDREW HAVINS has sustained and will sustain as a result of a collision between a tractor-trailer truck and a train. On or

about February 3, 2021, ANDREW HAVINS was working in the course and scope of his employment as a conductor for Union Pacific Railroad Company. The locomotive upon which ANDREW HAVINS was working collided with a tractor-trailer truck operated by LUNA ARROYO at or near Waskom, Texas. The tractor-trailer truck LUNA ARROYO was operating was owned by NATIONAL DRAYAGE and DIRECT CHASSISLINK respectively. LUNA ARROYO negligently pulled the tractor-trailer truck onto PROGRESS RAIL's railroad crossing and into the path of ANDREW HAVINS' train causing a collision between the train and tractor-trailer truck, and injuring ANDREW HAVINS.

## CAUSES OF ACTION

### COUNT I
### NEGLIGENCE PER SE
### NATIONAL DRAYAGE, DIRECT CHASSISLINK, AND/OR LUNA ARROYO

1. The tractor trailer truck involved in the subject collision was owned and/or operated by NATIONAL DRAYAGE, DIRECT CHASSISLINK and/or LUNA ARROYO. NATIONAL DRAYAGE, DIRECT CHASSISLINK, and/or LUNA ARROYO violated federal law relating to the operation of a tractor-trailer truck in and around railroad crossings. Additionally, alternatively, and without waiver of the foregoing, NATIONAL DRAYAGE and/or DIRECT CHASSISLINK, negligently hired and/or entrusted the tractor-trailer truck in question to LUNA ARROYO. Additionally, alternatively, and without waiver of the foregoing, NATIONAL DRAYAGE, failed to properly screen, train, supervise and instruct LUNA ARROYO.

2. Specifically, NATIONAL DRAYAGE, DIRECT CHASSISLINK and/or LUNA ARROYO violated 49 C.F.R. §§ 382-7, and 390-9 of the Federal Motor Carrier Safety Regulations, and §§ 545.251 and 545.252 of The Texas Transportation Code, related state

regulations, and other industry standards, amounting to negligence per se. NATIONAL DRAYAGE, DIRECT CHASSISLINK and/or LUNA ARROYO's violation of said standards and regulations was the proximate cause of ANDREW HAVINS' injuries.

3. The aforelisted acts of negligence were committed by employees, agents, and/or representatives of NATIONAL DRAYAGE, and/or DIRECT CHASSISLINK while acting in the course and scope of their employment, thereby rendering NATIONAL DRAYAGE and/or DIRECT CHASSISLINK vicariously liable under the theory of *respondeat superior*.

**COUNT II**
**NEGLIGENCE OF LUNO ARROYO**

4. The collision made the basis of this lawsuit and the injuries sustained by ANDREW HAVINS were proximately caused by the negligent acts and/or omissions of tractor trailer truck operator LUNA ARROYO, acting in the course and scope of his employment.

5. Specifically, but without limitation, ANDREW HAVINS asserts that NATIONAL DRAYAGE and DIRECT CHASSISLINK's driver, agent and employee LUNA ARROYO, operated the tractor-trailer truck in a negligent manner and violated the duty he owed ANDREW HAVINS that requires ordinary care in the operation of a motor vehicle in the following non-exclusive particulars, in that:

a) LUNA ARROYO failed to maintain a proper lookout;

b) LUNA ARROYO failed to timely apply the brakes to the tractor-trailer truck in order to avoid the subject collision;

c) LUNA ARROYO failed to drive at a safe and reasonable speed under the circumstances;

d) LUNA ARROYO failed to yield the right of way to the approaching train;

e) LUNA ARROYO failed to come to a complete stop at the stop sign posted at the crossing;

f) LUNA ARROYO failed to operate his vehicle in accordance with applicable federal, state, and/or local statutes and ordinances, constituting negligence *per se*;

g) LUNA ARROYO failed to remove his tractor-trailer truck from the tracks to provide a safe, clear passage for the approaching train;

h) LUNA ARROYO failed to warn of an impending collision;

i) LUNA ARROYO failed to avoid a collision;

j) Any and all other acts of negligence which may be shown at trial on the merits of this matter.

LUNA ARROYO's aforelisted acts of negligence were committed by an employee, agent, and/or representative of NATIONAL DRAYAGE and/or DIRECT CHASSISLINK, while acting in the course and scope of their employment, thereby rendering NATIONAL DRAYAGE and/or DIRECT CHASSISLINK vicariously liable under the theory of *respondeat superior*.

**COUNT III**
**<u>NEGLIGENCE OF NATIONAL DRAYAGE AND/OR DIRECT CHASSILINK</u>**

13. The collision made the basis of this lawsuit and the injuries sustained by ANDREW HAVINS were proximately caused, in whole or in part, by the negligent acts and/or omissions of NATIONAL DRAYAGE and/or DIRECT CHASSISLINK by and through their owners, employees, representatives, and/or agents, by way of the following non-exclusive lists of particulars, in that:

a) NATIONAL DRAYAGE and DIRECT CHASSILINK failed to maintain a proper lookout;

b) NATIONAL DRAYAGE and DIRECT CHASSILINK failed to timely apply the brake to the vehicle in order to avoid the subject collision;

c) NATIONAL DRAYAGE and DIRECT CHASSILINK failed to drive at a safe and reasonable speed under the circumstances;

d) NATIONAL DRAYAGE and DIRECT CHASSILINK failed to yield to the right of way of the approaching train;

e) NATIONAL DRAYAGE and DIRECT CHASSILINK failed to come to a complete stop at the stop sign posted at the crossing;

f) NATIONAL DRAYAGE and DIRECT CHASSILINK failed to operate its vehicle in accordance with applicable federal, state, and/or local statutes and ordinances, constituting negligence *per se*;

g) NATIONAL DRAYAGE and DIRECT CHASSILINK failed to remove its tractor-trailer truck from the tracks to provide a safe, clear passage for the approaching train;

h) NATIONAL DRAYAGE and DIRECT CHASSILINK failed to warn of an impending collision;

i) NATIONAL DRAYAGE and DIRECT CHASSILINK failed to avoid a collision;

j) NATIONAL DRAYAGE and DIRECT CHASSILINK failed to train its employees and/or agent in the proper and safe operation of a commercial vehicle;

k) NATIONAL DRAYAGE and DIRECT CHASSILINK failed to verify the qualifications of its drivers of commercial vehicles;

l) NATIONAL DRAYAGE and DIRECT CHASSILINK negligently entrusted a commercial vehicle to an unsafe driver;

m) NATIONAL DRAYAGE and DIRECT CHASSILINK failed to monitor the driving activities of its agent and/or employee;

n) NATIONAL DRAYAGE and DIRECT CHASSILINK failed to properly screen their applicants for truck driver;

o) Any and all other acts of negligence which may be shown at trial on the merits of this matter.

The aforelisted acts of negligence were committed by employees, agents, and/or representatives of NATIONAL DRAYAGE and/or DIRECT CHASSISLINK, while acting in

the course and scope of their employment, thereby rendering NATIONAL DRAYAGE and/or DIRECT CHASSISLINK vicariously liable under the theory of *respondeat superior*.

**COUNT IV**
**NEGLIGENCE OF PROGRESS RAIL**

14. PROGRESS RAIL, owner of the subject crossing failed to provide adequate warning devices despite its knowledge of train/truck collisions previous to the subject collision.

15. ANDREW HAVINS' injuries were proximately caused by the negligence of PROGRESS RAIL and its agents, servants or employees acting in the course and scope of their employment.

**COMPENSATORY DAMAGES**

16. Because of the nature and consequence of this collision, ANDREW HAVINS suffered injuries to his knees, ribs, and other parts of his body. ANDREW HAVINS has suffered physical pain and suffering, mental anguish, and in all reasonable probability will continue to suffer in this manner for the balance of his life.

17. At the time of the collision complained of, ANDREW HAVINS was gainfully employed as a railroad worker. ANDREW HAVINS has lost wages and benefits in the past and, within reasonable probability, will suffer a loss of wages, benefits, and earning capacity in the future.

18. As a further result thereof, ANDREW HAVINS has incurred expenses for medical care and attention, such as physicians' fees, medical supplies, appliances, medicine, hospitalization and nursing services. These expenses were incurred for the care and treatment of the injuries resulting from the collision complained of. The charges for those services were reasonable and they were the customary charges made for such

services in the area in which they were rendered.

19. As a further result of the injuries sustained by ANDREW HAVINS will incur expenses for future medical care and attention. ANDREW HAVINS has suffered in the past and, within reasonable medical probability, will continue to suffer in the future from physical impairment.

**PUNITIVE DAMAGES**

20. Defendants, NATIONAL DRAYAGE, DIRECT CHASSISLINK, PROGRESS RAIL, and LUNA ARROYO through the acts and omissions of their owners, employees, and/or agents were grossly negligent and/or malicious in that its/their conduct was the product of a conscious disregard for the health and safety of ANDREW HAVINS and others similarly situated. ANDREW HAVINS therefore seeks punitive damages from Defendants.

**Jury Demand**

21. Plaintiff requests a trial by jury.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff Andrew Havins, requests that Defendants National Drayage Services, LLC, Direct Chassislink, Inc., dba DCLI/LJ Chassis Holdings, Inc., Progress Rail Services Corporation, and Juan Carlos Luna Arroyo be cited to appear and answer and that on final trial Plaintiff have judgment against Defendants in a total sum within the jurisdictional limits of this Court. Plaintiff requests post-judgment interest and costs of suit, pre-judgment interest and punitive damages against Defendants and for such other and further relief, both legal and equitable, to which he may show himself justly entitled. Due to the severity of Plaintiff's injuries and losses, Plaintiff expects

such sum to be in excess of One Million Dollars ($1,000,000.00). As punitive damages, Plaintiff seeks an amount as assessed by a fair and enlightened jury.

Respectfully submitted,

**THE YOUNGDAHL LAW FIRM, P.C.**

/s/ *Sara Youngdahl*
Sara Youngdahl
State Bar No. 24010504
4203 Montrose Blvd., Suite 280
Houston, Texas 77034-4906
281-996-0750
281-996-0725/Fax
syoungdahl@youngdahl.com

**ATTORNEY FOR PLAINTIFF ANDREW HAVINS**